

# NUMBER 13-20-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE MATTER OF BUMSTEAD FAMILY IRREVOCABLE TRUST

---

On appeal from the Probate Court No. 1
of Harris County, Texas.

---

# ORDER

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Order Per Curiam**

On August 10, 2020, this Court issued an order granting in part and denying in part

"Appellants' Motion for Emergency Stay and To Remand the Trial Court's Order for Further

Proceedings."[1] This Court subsequently affirmed that order on August 20, 2020. Currently

---

[1] Appellants include Taylor C. Moss, individually, as trustee of the TCM Trust; the Bumstead Living Trust; the Bumstead Family Trust; the Bumstead Survivor's Trust; and the Sylvia M. Bumstead Revocable Trust, and as Manager of Wolf Trot Properties, LLC and Wolf Trot Properties d/b/a Melia Investments, LLC, DeisoMoss, LLC and DeisoMoss Property Management, LLC.

before the Court are numerous motions filed by the parties to this appeal which pertain to this Court's order and which also address other matters. We address these motions seriatim.

## I.

### APPELLEES' MOTION TO DISMISS THE APPEAL AS TO SUSPENSION AND ACCOUNTING DECREES

On August 24, 2020, Appellees[2] filed "Appellees' Motion to Dismiss the Appeal as to Suspension and Accounting Decrees." Appellees assert that this Court should dismiss the appeal "with respect to two of the categories of relief ordered below: (1) the decree suspending trustee powers, and (2) the accounting decree." On September 3, 2020, appellants filed a "Response to Appellees' Motion to Dismiss the Appeal as to Suspension and Accounting." On September 8, 2020, Appellees filed a "Reply in Support of Appellees' Motion to Dismiss."

After examining and fully considering the motion, the response, and the reply, we CARRY WITH THE CASE "Appellees' Motion to Dismiss the Appeal as to Suspension and Accounting Decrees."

## II.

### EMERGENCY MOTION TO REQUIRE BOND AND EMERGENCY MOTION TO ADVANCE

On August 24, 2020, Appellees filed an "Emergency Motion to Require Bond and Emergency Motion to Advance." Appellees assert that (1) "speeding" the appeal is

---

[2] Appellees include Debra M. Holzworth, Kathryn S. Marcotte, and Carol Bumstead Moss, Individually, as Trustees of their respective Exempt Trusts, as Trustees of their respective Descendant's Trusts, as Co-Trustees of the Bumstead Family Irrevocable Trust, and as Named Co-Trustees of the Bumstead Family Trust.

2

appropriate because the trustee has "admittedly" breached various fiduciary duties and should be required to post a bond or other security adequate to protect the assets of the terminated trusts; (2) there is a risk of "continued dissipation and damage" to the trust assets at the hands of appellants; and (3) this Court should advance the briefing schedule and set this matter for submission or oral argument as soon as possible to prevent further damage and dissipation of the trusts' assets. On September 3, 2020, Appellants filed a "Response to Emergency Motion to Require Bond and Emergency Motion to Advance." On September 4, 2020, Appellees filed a "Reply in Support of Appellees' Emergency Motion to Require Bond and Emergency Motion to Advance." On September 4, 2020, Appellants filed a "Sur-Reply in Opposition to Emergency Motions to Require Bond and to Advance and Motion to Strike."

After examining and fully considering the motion, the response, the reply, and the sur-reply, we GRANT in part and DENY in part Appellees' "Emergency Motion to Require Bond and Emergency Motion to Advance."

We GRANT this motion insofar as we ABATE and REMAND this appeal to the trial court for a full consideration of appellees' request for the appellants to provide security during the pendency of this appeal and to determine the appropriate amount of a bond. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning this matter. *See generally* TEX. R. APP. P. 24. The trial court shall cause its findings and recommendations together with any orders it may enter regarding these issues to be included in a supplemental clerk's record. Further, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall

3

be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

We DENY this motion insofar as it seeks advancement of the appeal. This appeal is accelerated, and the Court will handle it as expeditiously as possible.

In their "Sur-Reply in Opposition to Emergency Motions to Require Bond and to Advance and Motion to Strike," appellants included a motion to strike portions of appellees' reply. We DENY Appellants' Motion to Strike.

### III.

### APPELLANTS' EMERGENCY MOTION TO CLARIFY OR AMEND STAY ORDER

On September 4, 2020, Appellants filed "Appellants' Emergency Motion to Clarify or Amend Stay Order." After examining and fully considering this motion, and without waiting for further briefing on this issue, *see* TEX. R. APP. P. 10.3(a)(3), we DENY this motion. Although our stay order remains in effect, we encourage the trial court and parties to attempt to resolve matters pertaining to the preservation and management of the assets that are the subject of this appeal. We are cognizant of the delicate balance between maintenance of the status quo pending appeal, the necessity to preserve the assets at issue, and the need to protect the rights of all the parties to this appeal. Any proposed findings and conclusions or stipulations entered by the parties regarding these issues should be included in the supplemental clerk's record to be filed following remand.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
10th day of September, 2020.

4